MARK A. KLAASSEN
United States Attorney
C. LEVI MARTIN, Bar 6-3781
Assistant States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003
Telephone: (307) 772-2124

Associate Local Counsel for Plaintiff


Mary Jo O'Neill, AZ Bar #005924
James P. Driscoll-MacEachron, AZ Bar #027828
Gina E. Carrillo, AZ Bar # 030579
Michael Baskind, AZ Bar #030810
**Equal Employment Opportunity
Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
    james.driscoll-maceachron@eeoc.gov
    gina.carrillo@eeoc.gov
    michael.baskind@eeoc.gov

Attorneys for Plaintiff

Dennis M. Kirven, Bar #5-1325
Benjamin S. Kirven, Bar #6-3887
Kirven and Kirven, P.C.
104 Fort Street
P.O. Box 640
Buffalo, Wyoming, 82834
Telephone: (307) 684-2248
Facsimile: (307) 684-2242
dkirven@wyoming.com
ben@kirvenlaw.com

Attorneys for Defendant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 MAR 22 AM 11: 50

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>           Plaintiff,<br><br>vs.<br><br>Mine Rite Technologies, LLC,<br><br>           Defendant. | Case No. 2:17-cv-00063-SWS<br><br>**CONSENT DECREE** |

## I. RECITALS

1. This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Mine Rite Technologies, LLC violated the Americans with Disabilities Act ("ADA") by subjecting Jason Kaufman to a hostile work environment because of his disability and ultimately constructively discharging him. Mine Rite denies liability for all claims and denies that the owners knew about the harassment.

2. The EEOC and Mine Rite, desiring to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties to the Decree and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Mine Rite. The Consent Decree is not to be construed as an admission of liability on the part of Mine Rite.

3. It is understood and agreed that this settlement is the compromise of a disputed claim, and Mine Rite agrees to this settlement to avoid further litigation. The EEOC and Jason Kaufman agree to this settlement as a compromise and settlement of the claims asserted in this case by the EEOC and Jason Kaufman against Mine Rite.

4. As to the issues resolved, this Decree is final and binding upon the Parties to the Decree and their successors and assigns. The EEOC and Mine Rite jointly request this Court to adjudge as follows:

THEREFORE, upon the consent of the Parties to the Decree, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## II. JURISDICTION

5. The EEOC and Mine Rite stipulate to the jurisdiction of the Court over the Parties to the Decree and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

6. **Term:** The Term of this Decree and all obligations hereunder shall be three years from the date that the Court signs this Decree. During the term of the Decree, this Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

## IV. ISSUES RESOLVED

7. This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from Charge of Discrimination Number 32K-2013-00019, filed by Mr. Kaufman, and the Letter of Determination issued to Mine Rite.

8. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Mine Rite. During the term of this Decree, Mine Rite and any successors of Mine Rite shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Mine Rite during the term of this Decree or to any

successor of Mine Rite, prior to the effectiveness of any such asset sale, acquisition, or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## V. MONETARY RELIEF

9. Judgment is hereby entered in favor of the Commission and against Mine Rite in the amount of Seventy-Five thousand dollars ($75,000).

10. Mine Rite will not condition the receipt of monetary relief upon Mr. Kaufman's agreement to (a) maintain as confidential the facts and/or allegations underlying the complaint and the terms of this Decree; (b) waive his statutory rights to file a charge with any governmental agency; or (c) sign a non-disparagement and/or confidentiality agreement.

11. To resolve these claims, and in satisfaction of the monetary judgment set forth in Paragraph 9, Mine Rite shall pay Mr. Kaufman $25,000 in backpay and $50,000 in compensatory damages.

12. Mine Rite shall pay all payroll taxes it owes on the back wages portion for the tax year during which payment is made. Mine Rite shall pay the employer's share of FUTA and FICA taxes, and the amount shall not be taken from the settlement amount. In accordance with either a newly submitted W-4 or the W-4 on file with Mine Rite, Mine Rite shall also withhold applicable payroll taxes owed by Mr. Kaufman. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings.

13. No later than ten (10) days from receiving the EEOC's final distribution list, Mine Rite shall send payment to Mr. Kaufman at the address provided by the EEOC. All payments must be made by certified check, cashier's check, or money order.

14. Within three (3) business days after the payments are sent, Mine Rite shall submit to the

EEOC confirmation of the payments issued.

15. If the EEOC informs Mine Rite that Mr. Kaufman has not received a check within a month of Mine Rite's mailing of the check, Mine Rite shall cancel the original check, reissue another check, and submit a copy of the reissued check to the EEOC within ten (10) days.

16. By January 31, 2019, Mine Rite shall issue Mr. Kaufman a United States Internal Revenue Service Form W-2 for all payments designated as back pay and United States Internal Revenue Service Form 1099 for all payments designated as compensatory damages.

## VI. OTHER INDIVIDUAL RELIEF

17. Within ten (10) calendar days after the date the Court signs this Decree, Mine Rite shall expunge any negative documents from Mr. Kaufman's records and shall ensure that all of Defendant's records reflect that Mr. Kaufman voluntarily resigned from his employment. Mine Rite shall expunge from Mr. Kaufman's personnel files: (a) any and all references to the allegations of discrimination filed against Mine Rite that formed the basis of this action; and (b) any and all references to Mr. Kaufman in this action.

18. Within ten (10) calendar days after the date the Court signs this Decree, Mine Rite will provide a positive letter of reference in the form attached as Attachment A.

19. Within ten (10) calendar days after the date the Court signs this Decree, Mine Rite shall provide a letter of apology to Mr. Kaufman on company letterhead in the form attached as Attachment B.

## VII. EQUITABLE RELIEF

### A. *Injunctive Relief*

20. Mine Rite and its officers, agents, successors, management (including supervisory employees), and other persons in active concert or participation with it, or any of them, are

permanently enjoined from engaging in any employment practice that discriminates on the basis of disability, including disability harassment and illegal disclosures of medical information of its employees.

**21.** Mine Rite and its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with it are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act. Mine Rite shall not retaliate against a person because such person brings an internal complaint of discrimination with Mine Rite; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Mine Rite shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Mine Rite retaliate against any such person identified as a witness or possible witness of discrimination in future investigations or proceedings.

**B.**     ***EEO Policy Review***

**22.** Within sixty (60) days after the date the Court signs this Decree, Mine Rite shall, in consultation with an outside consultant and/or legal counsel experienced in the area of employment discrimination law create and implement written EEO policies, including policies related to disability discrimination to conform with the law.

**23.** Within sixty (60) days after the date the Court signs this Decree, Mine Rite will create workplace policies relating to disability discrimination.

**24.** The existing and created written policies required under Paragraphs 22 and 23 above must include, at a minimum:

**24.1.** A strong and clear commitment to preventing unlawful disability discrimination;

**24.2.** A clear and complete definition of disability discrimination, including harassment because of disability;

**24.3.** A statement that disability discrimination, including disability harassment and the disclosure of confidential medical information, is prohibited and will not be tolerated;

**24.4.** A clear and strong encouragement of persons who believe that they have been subjected to disability discrimination, including disability harassment, to report such concerns;

**24.5.** The identification of specific individuals, with telephone numbers and email addresses, to whom employees can report concerns about disability discrimination, including disability harassment;

**24.6.** A clear explanation of the steps an employee can take to report disability discrimination, including disability harassment, which must include the options of either an oral or written complaint;

**24.7.** An assurance that Mine Rite will investigate allegations of any activity that might be construed as unlawful disability discrimination, including disability harassment, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of disability discrimination, including disability harassment;

**24.8.** An assurance that appropriate corrective action will be taken by Mine Rite to make victims whole and to eradicate the unlawful conduct within its workforce;

**24.9.** A description of the consequences, up to and including termination, that will be imposed upon violators of Mine Rite's disability discrimination, including disability harassment, policies;

**24.10.** A promise of maximum feasible confidentiality for persons who report unlawful disability discrimination, including disability harassment, or who participate in an investigation into allegations of disability discrimination, including disability harassment; and

**24.11.** An assurance of non-retaliation for persons who report unlawful disability discrimination, and for witnesses who provide testimony or other assistance in the investigation(s) of such alleged discrimination.

**25.** Within thirty (30) days after completion of the policy review and creation required under Paragraphs 22, 23, and 24 above, the written EEO policies shall be posted in a prominent location frequented by employees, at each of Mine Rite's facilities, and distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.

*C.   Training*

**26.** On an annual basis, Mine Rite shall train all of its personnel about federal law prohibitions on disability discrimination, including disability harassment. This training shall include information on the Americans with Disabilities Act. The training may also include information about other laws prohibiting discrimination and harassment in the workplace and about Mine Rite's workplace diversity policies. Under this provision, employees will be trained at a minimum on Mine Rite's disability discrimination policy. All training under this Paragraph 26 shall be at Mine Rite's selection and expense. Training shall be by live presentation. The

training will be conducted as follows:

    **26.1.   Non-managerial Employees:** Each year for the duration of this Decree, Mine Rite will provide non-managerial employees at least two (2) hours of training on the areas described above, and which must directly address disability discrimination, including disability harassment and the illegal disclosure of confidential medical information. Additionally, the training under this Paragraph 26.1 must be provided by an outside vendor.

    **26.2.   Supervisory and Managerial Employees:** Each year for the duration of this Decree, Mine Rite will require all individuals who work in a managerial or supervisory capacity for Mine Rite to receive at least four (4) hours of training on the ADA and other federal anti-discrimination laws. Half of these hours must directly address disability discrimination, including disability harassment and the illegal disclosure of confidential medical information. The training must cover proper methods for receiving, handling, and investigating (where applicable) complaints of discrimination. In each of these training sessions, Mine Rite shall emphasize with managerial and supervisorial employees that due to their positions of power, such employees (a) must be particularly vigilant not to discriminate; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them; and (d) must keep medical information confidential under the ADA. Additionally, Mine Rite will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite four (4) hours of training for that year within twenty (20) days of being hired or promoted. The training under this Paragraph

26.2 must be provided by an outside vendor.

**26.3.** An agenda for the training, training materials, and the resumes relating to the presenters, will be provided to the EEOC thirty (30) days before each training session. Mine Rite agrees that the first such training session will take place within sixty (60) days after the Court's entry of this Decree. Mine Rite agrees that all of its personnel shall both register and attend the training sessions.

**27.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Mine Rite shall provide the Commission with ten (10) days' notice that a training session will be conducted, or alternatively, Mine Rite may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### D.  *Posting to Employees*

**28.** Mine Rite shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all of its facilities.

**29.** Within five (5) business days after the Court's entry of this Decree, Mine Rite shall post in each of its facilities, in a conspicuous place frequented by employees, the Notice attached as Attachment C to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Mine Rite will replace it with a clean copy. Mine Rite shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

### E.  *Discipline*

30. Within 30 days of the date the Court signs this Decree, Mine Rite shall place a written warning in the personnel file of Roger Zimdars reflecting that Mr. Zimdars was warned for how he treated Mr. Kaufman and how he talked about Mr. Kaufman's disability, and that the next violation may result in his suspension without pay or termination.

## IX. RECORDKEEPING AND REPORTING

31. For the duration of this Decree, Mine Rite shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

    **31.1.** Personnel files;

    **31.2.** Payroll records, including but not limited to starting pay, raises, dates, and reasons reflecting these changes;

    **31.3.** Work schedules;

    **31.4.** Records reflecting all oral and written complaints of discrimination, including but not limited to disability discrimination, and all of the records documenting the investigation of such complaints, including applicable witness statements, documents compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken; and

    **31.5.** Records reflecting the public placement of the postings of the EEO and ADA policies, as expressed in Paragraph 25.

32. Mine Rite shall provide semi-annual reports for each six (6) month period following the entry of this Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six (6) weeks prior to the date on which the Decree is to expire.

33. **Requirements:** Each report shall provide the following information:

**33.1. Complaints of Disability Discrimination**

**33.1.1.** For purposes of this Paragraph, the term "complaint of disability discrimination" will include any written or verbal complaint which alleges disability discrimination even if the complainant does not use legal or technical terminology.

**33.1.2.** The report shall include:

**33.1.2.1.** The name, address, email address, and telephone number of each person making a complaint of disability discrimination to Mine Rite or to any federal, state, or local government agency;

**33.1.2.2.** The name, address, email address, and telephone number of each person identified as a potential witness and/or victim to the incident of disability discrimination;

**33.1.2.3.** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the disability discrimination, Mine Rite's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

**33.1.2.4.** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**34. Training**

**34.1.** For each training program required under this Decree, and conducted during the reporting period, Mine Rite shall submit a registry of attendance and/or certificates of

completion.

**34.2.** For each training program conducted by an outside consultant or vendor not affiliated with Mine Rite, Mine Rite will identify the consultant and/or vendor and provide a copy of the program agenda.

**35.** **Posting of Notice**: Mine Rite shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**36.** Mine Rite shall certify to the Commission that any negative documents in Mr. Kaufman's personnel file have been expunged as required by Paragraph 17 of this Decree.

**37.** Mine Rite shall certify to the Commission that the positive letter of reference required by Paragraph 18 of this Decree has been provided to Mr. Kaufman.

**38.** Mine Rite shall certify to the Commission that the letter of apology required by Paragraph 19 of this Decree has been provided to Mr. Kaufman.

**39.** Mine Rite shall certify to the Commission that it delivered a written warning to Mr. Zimdars and documented it in his personnel file as required by Paragraph of this Decree.

**40.** **Recordkeeping:** Mine Rite shall report on the creation and/or revision of any recordkeeping policies or practices required by this Decree, as required above.

**41.** Mine Rite shall comply with all recordkeeping obligations under the law prohibiting discrimination.

## X. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**42.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

43.     There is no private right of action to enforce Mine Rite's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

44.     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Mine Rite has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

45.     The EEOC will give Mine Rite ten (10) business days' notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Mine Rite has not remedied the alleged non-compliance or have not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings herein do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XI. EEOC AUTHORITY

46.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

47.     The EEOC may review Mine Rite's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Mine Rite's attorney of record at least ten (10) business days in advance of any inspection of Mine Rite's documents or premises. Upon such notice, Mine Rite shall allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting

its premises.

## XII. COSTS AND ATTORNEY'S FEES

**48.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XIII. NOTICE

**49.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

> Mary Jo O'Neill
> EEOC Phoenix District Office
> 3300 N. Central Ave Suite 690
> Phoenix, AZ 85012

## XIV. SIGNATURES

**50.** The Parties to this Decree agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 22nd day of March, 2018.

BY THE COURT:

Hon. Scott W. Skavdahl
United States District Judge

BY CONSENT:

Equal Employment Opportunity
Commission

By: _J. Ull- McFehr for May Jo O'Neill_
Mary Jo O'Neill
Regional Attorney

Date: _March 21, 2018_

Mine Rite

By: _[signature]_
John D'Amico
Owner

Date: _March 20, 2018_


APPROVED AS TO FORM:

_Michael Baskind_
Michael Baskind
Trial Attorney
EEOC Phoenix District Office
3300 N. Central Ave Suite 690
Phoenix, AZ 85012

Attorney for Plaintiff EEOC

_By K— (6-3801)_
for Dennis Kirven
Kirven and Kirven PC
104 Fort Street
P.O. Box 640
Buffalo, WY 82834

Attorney for Mine Rite

## ATTACHMENT A

### LETTER OF REFERENCE

To Whom It May Concern:

Jason Kaufman was employed with Mine Rite as a welder from November 2009 until his resignation on November 1, 2012. Mr. Kaufman performed his duties admirably while he worked for us. He always did his job well. He was a good welder, and he was a pleasure to work with. He is eligible for rehire at Mine Rite.

Signed: _____
John D'Amico

## ATTACHMENT B

## LETTER OF APOLOGY

Dear Mr. Kaufman,

We want to apologize to you for the treatment you received at Mine Rite by some of our employees. It was not fair, and it was not respectful of you and the service you gave to our country. We regret how you were treated, and we want to extend our sincere apologies for what you experienced at Mine Rite. We want you to know that we intend to do better in the future to make sure that all of our employees are treated respectfully.

Signed: _____

John D'Amico

## ATTACHMENT C

### <u>NOTICE TO EMPLOYEES</u>

The following notice is being posted pursuant to the terms of a Consent Decree resolving the lawsuit, *EEOC v. Mine Rite Technologies, LLC,* filed in the United States District Court for the District of Wyoming, Civil Action No. 2:17-cv-00063-SWS. The United States Equal Employment Opportunity Commission ("EEOC") alleged in the lawsuit that Mine Rite has violated the ADA by discriminating against Jason Kaufman by subjecting him to harassment because of his disability and constructively discharging him.

  Management of Mine Rite wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment. Mine Rite seeks to ensure that there will be no disability discrimination, including disability harassment, against any employee. Mine Rite further seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, or age. This policy extends to insurance benefits and all other terms, conditions and privileges of that employment.

  Any employee who believes that he/she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, or retaliation, or has a question about this Consent Decree has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Mine Rite will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**
This Notice shall remain posted for the term of 3 years.

By:_____   _____
                   Date